UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO. 11-739 |
| | * | |
| RES HOLDINGS | * | SECTION "L" (5) |

### ORDER & REASONS

Before the Court is a Motion to Take More Than Ten Depositions (Rec. Doc. No. 10), filed by Plaintiff. The Court, having reviewed the submitted memoranda and the applicable law, is ready to rule.

### I. BACKGROUND

This case arises from a series of business transactions allegedly designed to avoid federal tax obligations. On June 9, 2011, the Court entered a default judgment against Defendant RES Holdings regarding unpaid federal income tax liabilities that, together with penalties and interest, total over $24 million. (Rec. Doc. No. 9).

According to the Government, the relevant transactions took place in 1998, when a number of corporate entities entered into a complex series of transactions whereby (1) the stock of a New Orleans corporation was sold to one entity, (2) its assets were sold to a Pittsburgh organization, (3) a Connecticut-based group of deal promoters was paid large fees, (4) a very substantial amount of income was generated, (5) that income was purportedly offset for tax purposes by a tax "shelter" having no validity, and (6) the entity owing the resulting tax debt, Defendant RES Holdings, was stripped of all assets with which it could have paid its taxes. The Government has commenced post-judgment discovery under Rule 69 of the Federal Rules of

Civil Procedure, issuing a number of document subpoenas and taking several depositions, all in an effort to understand the roles of the multiple corporate entities and individuals involved in the relevant transactions.

## II.  PRESENT MOTION

Plaintiff has filed a Motion to Take More Than Ten Depositions.  According to the Government, the persons deposed to date are: the lead negotiator for the company that ultimately acquired the assets; a consultant/advisor to the selling corporation; three accountants, who had been advisors to one or another of the corporate participants; the principal of the selling corporation; the selling corporation's counsel and lead negotiator; and one person who had been a high official of both the selling and the acquiring corporations.  These depositions, although not fruitless, have not allowed the Government to develop a complete understanding of the relevant conduct.  The Government plans for further depositions, in the event the present Motion should be granted, include three depositions pursuant to Rule 30(b)(6) and several more depositions of individuals associated with the promoter group.

The Government suggests that the ten-deposition limit established by Rule 30(a)(2)(A)(i) of the Federal Rules of Civil Procedure may not apply in the context of post-judgment discovery.  Even if it applies, the Government argues that the concerns underlying the ten-deposition limit, namely the potential for undue burdens on the opposing party and the potential for cumulative and unnecessary depositions, do not apply here.  The Government states that, given the complexity of the relevant transactions, additional depositions are necessary to complete an investigation and will not be cumulative.  The Government further argues that there is no single opposing party who will have to bear the costs associated with appearing through counsel at multiple depositions.  Accordingly, the Government urges the Court to allow it to take a total of

twenty depositions.

## III.  LAW AND ANALYSIS

Under federal law, district courts have discretion to alter discovery limits in most circumstances.  The default limit at issue in this case comes from Rule 30 of the Federal Rules of Civil Procedure for the United States District Courts, which provides, in relevant part: "A party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(2) . . . if the parties have not stipulated to the deposition and . . . the deposition would result in more than 10 depositions being taken [by any party]."  Fed. R. Civ. P. 30(a)(2).  Rule 26 allows for the exercise of discretion, providing that the Court "may alter the limits in these rules on the number of depositions" by order.  Fed. R. Civ. P. 26(b)(2)(a).  That discretion is limited elsewhere in Rule 26(b)(2); subsection (C) requires the Court to limit discovery when it determines either that:

> "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues."

Fed. R. Civ. P. 26(b)(2)(C).  The United States Court of Appeals for the Fifth Circuit has held that these discovery rules are applicable in the post judgment context through Rule 69, which provides for execution of judgments and post-judgment discovery.  *United States v. McWhirter*,

376 F.2d 102, 106 (5th Cir. 1967).

As a first step, the Court must inquire whether its discretion is limited by the presence of any of the three situations listed in Rule 26(b)(2)(C).  Here, the Court finds that the additional depositions the Government seeks will not be unreasonably cumulative or duplicative because of the complex nature of the transactions under investigation, nor can the nature of the transactions be ascertained by less burdensome means.  The Court further finds that the Government has not had an "ample opportunity to obtain the information" otherwise, and that the burden and expense of the additional depositions are unlikely to outweigh their benefits given the circumstances of this case.  Accordingly, Rule 26(b)(2)(C) does not apply and the decision to alter the ten-deposition limit is within the Court's discretion.

The Court further holds that the complex facts involved in this case warrant an extension of the typical ten-deposition limit.  As the Fifth Circuit noted in *McWhirter* and on many occasions since, district courts are to construe the discovery rules liberally so as to effectuate their purpose of enabling parties to obtain pertinent information.  376 F.2d at 106.  Accordingly, the Court grants Plaintiff's Motion.

## IV. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's Motion to Take More Than Ten Depositions (Rec. Doc. No. 10) is hereby **GRANTED**.

New Orleans, Louisiana, this 21st day of September, 2012.

_____
UNITED STATES DISTRICT JUDGE